NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2023
_____

UNITED STATES OF AMERICA

v.

JOHN JAMES GALLAGHER, JR.,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 4:09-cr-00415-004)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
Submitted: December 13, 2012
_____

Before: GREENAWAY, JR., GREENBERG, and COWEN, *Circuit Judges*.

(Opinion Filed:  December 19, 2012)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant John James Gallagher, Jr. ("Gallagher") appeals the District Court's

March 26, 2012 Judgment and sentence of 78 months' imprisonment. For the reasons that follow, we will affirm.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts. In January 2006, Gallagher moved from Hazelton, Pennsylvania to Arizona. After his move, Gallagher maintained contact with Arthur Schade ("Schade"), a friend and methamphetamine user, who resided in Pennsylvania. At some point after the move, Schade asked Gallagher about the availability of methamphetamine in Arizona.

After he moved to Arizona, Gallagher became acquainted with several Mexican nationals, including an individual named "Ricardo." Ricardo offered to sell Gallagher drugs. Gallagher, recalling Schade's request, arranged to buy methamphetamine from Ricardo, which he then shipped to Schade in Pennsylvania. Gallagher continued to ship methamphetamine from Arizona to Pennsylvania in multi-pound quantities until December 2009. Gallagher profited from these transactions.

Gallagher was arrested in December 2009. When approached by the investigating officers, Gallagher immediately agreed to cooperate. Gallagher described the unlawful arrangement by which he obtained methamphetamine from Ricardo and other Mexican nationals and sold it to customers in Pennsylvania, including Schade. After proffering information to the authorities, Gallagher was released to continue his cooperation.

Gallagher worked with law enforcement to set up a controlled buy resulting in the arrest of several co-conspirators in both Arizona and Pennsylvania. After this initial

2

transaction, Gallagher continued to work with authorities. Between January 2010 and January 2012, Gallagher met with law enforcement officers and prosecutors at least four times for proffer sessions and to review wiretap recordings, exhibits, and other evidence in anticipation of his testimony at trial. Gallagher also testified before a Grand Jury. Although the co-conspirators ultimately pled guilty, Gallagher was prepared to testify and the Government acknowledged his value.

Gallagher also ably assisted state and local law enforcement in a number of other narcotics investigations in Pennsylvania. Specifically, he made controlled phone calls to set up meetings with potential drug sellers, wore body wire recorders to those meetings, made ten controlled purchases of cocaine, and regularly provided the authorities with information regarding drug activity in the area. Gallagher's cooperation resulted in numerous arrests and convictions. By all accounts, Gallagher was a reliable informant, despite being threatened for being an informant on more than one occasion.

After Gallagher pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, the Government filed a Motion for a Downward Departure, pursuant to U.S.S.G. § 5K1.1. The motion sought a five-level departure from a total offense level of 31 to 26.

At the sentencing hearing on March 26, 2012, the District Court granted the Government's Motion for Downward Departure; thus, with a total offense level of 26 and a criminal history category of III, the resulting sentencing range was 78 to 97 months. Gallagher sought an additional four-level departure pursuant to 5K1.1, which he believed

was more indicative of his extensive cooperation. The District Court denied his request. Gallagher then sought a downward variance, on the basis of his cooperation, background, low likelihood of recidivism, and the fact that he posed no danger to the public.

The District Court acknowledged Gallagher's efforts in cooperating; but, in looking at the other § 3553(a) factors, opined that the seriousness of the underlying offense, the danger of methamphetamine to the public, and Gallagher's criminal history did not warrant a variance. The District Court sentenced Gallagher to 78 months' imprisonment. Gallagher timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the procedural and substantive reasonableness of the District Court's sentencing decision under an abuse of discretion standard. *Rita v. United States*, 551 U.S. 338, 364 (2007) (citing *United States v. Booker*, 543 U.S. 220, 261 (2005)); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We first consider whether the sentencing court committed "significant procedural error, such as failing to [properly calculate] the Guidelines range . . . [or] failing to consider the § 3553(a) factors . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If there is no procedural error, the second stage of our review is for substantive reasonableness, and we will affirm the sentence unless no reasonable sentencing court would have imposed the same sentence on that

particular defendant for the reasons the district court provided." *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011) (internal quotation marks omitted).

## III. ANALYSIS

Gallagher's arguments appear to be two-fold.[1]  First, Gallagher argues that the District Court abused its discretion by refusing to downwardly depart more than five levels in view of his sterling cooperation over a two-year period.  Second, Gallagher argues that the District Court abused its discretion by refusing to grant a downward variance for the same reasons.  Both arguments are without merit.

### A. Downward Departure

We lack jurisdiction to review the extent of a district court's downward departure for substantial assistance under U.S.S.G. § 5K1.1.  *United States v. Torres*, 251 F.3d 138, 151-52 (3d Cir. 2001).  We only require that, "in determining the extent of a downward departure for substantial assistance, a sentencing judge must not only conduct a qualitative, fact-specific analysis but also must expressly indicate the recognition of [U.S.S.G.] § 5K1.1's factors." *Id.* at 152.  The record plainly establishes that the District Court recognized its ability to depart downwardly under U.S.S.G. § 5K1.1 and carefully reviewed the underlying facts of Gallagher's substantial assistance.  Because the District Court here adhered to the evaluative process established in *Torres*, the extent of the District Court's downward departure under § 5K1.1 is not reviewable.

---

[1] Although Gallagher claims to present only "one issue" for our review, (Appellant Br. 14), he alternatively refers to both downward departures and downward variances in his argument.  We will address both arguments.

B.  Downward Variance

Gallagher also argues that his "level of cooperation over a period of twenty[-]seven months is so above and beyond the usual that it deserved consideration for further downward variance." (Appellant Br. 20.)  This argument is without merit.  In explaining a sentence, a district court is obligated to "set forth enough to satisfy the appellate court that [it had] considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 351.  At the sentencing hearing, the District Court meaningfully considered the § 3553(a) factors, including addressing Gallagher's substantial level of cooperation, criminal history, potential recidivism, and the seriousness of the underlying crime.  The District Court also granted the Government's motion for a considerable departure.  Thus, the record demonstrates that the District Court did, in fact, consider Gallagher's extensive cooperative.  It was not an abuse of discretion for the District Court to decline to vary further.  Gallagher's sentence is not procedurally or substantively unreasonable.

## IV. CONCLUSION

For the reasons set forth above, we will affirm the Judgment and sentence of the District Court.